David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*ATTORNEYS FOR PLAINTIFF*
[Additional counsel appear on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS DERBY, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> AOL, INC., a Delaware corporation, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1) Violation of 47 U.S.C. § 227 <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Nicholas Derby ("Plaintiff"), by and through his undersigned attorneys, hereby brings this class action complaint individually and on behalf of a class of similarly situated individuals, against Defendant AOL, Inc. ("AOL" or "Defendant") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other

**Class Action Complaint for Damages
and Injunctive Relief**

matters, upon information and belief, based on, among other things, the investigation conducted by his attorneys.

**NATURE OF THE CASE**

1. In an effort to increase the user base of its instant messaging mobile application or "app" known as AOL Instant Messenger or "AIM," Defendant, a well known purveyor of internet products and services, engaged in an invasive and unlawful activity: the transmission of unauthorized "text message" calls to the cellular telephones of individuals throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has violated the called parties' statutory rights and has caused the called parties actual harm, not only because the called parties were subjected to the aggravation that necessarily accompanies wireless spam, but also because the called parties, like Plaintiff, frequently have to pay their cell phone service providers for receiving the calls.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cellular phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff is a resident of Massachusetts.

6. Defendant is a Delaware corporation with its principal place of business in New York. A mobile social networking and Internet company, Defendant does business throughout the United States, including in this District.

**Class Action Complaint for Damages and Injunctive Relief**

2

## JURISDICTION & VENUE

7. The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq*.

8. This Court has personal jurisdiction over the Defendant because Defendant does and is registered to do business in California and nationwide, Defendant maintains offices in California, and certain acts giving rise to the claims alleged herein were committed in California and this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as Defendant resides in this District and the text message calls at issue were transmitted from property located in this District.

## INTRADISTRICT ASSIGNMENT

10. The conduct giving rise to the claim in this matter originated in the County of Santa Clara. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose Division of the Northern District of California.

## COMMON ALLEGATIONS OF FACT

11. One of the newer types of bulk marketing and communications is the use of Short Message Services, or text messaging as it is commonly known, which allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

12. Such text messages are transmitted as calls directed to a wireless device through the use of the telephone number assigned to the device. When such a text message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including text messages, may be received by the called party virtually anywhere worldwide.

13. Unlike more conventional communications, wireless spam invades privacy and can actually cost its recipients money because cell phone users like Plaintiff must

1  frequently pay their respective wireless service providers either for each text message call
2  they receive or incur a usage allocation deduction to their text plan, regardless of whether or
3  not the message is authorized.

4  14. In the last several years, Defendant and its agents have implemented a version
5  of an instant messaging system that permits AOL instant messages to be transmitted
6  wirelessly via abbreviated phone numbers known as "short codes" to cellular phones
7  throughout the country.

8  15. A short code is a specialized telephone number controlled and licensed by a
9  third-party administrator and utilized specifically for running automated text messaging
10 applications, typically involving the sending of large quantities of text messages.

11 16. In order to spur adoption and usage of its instant messenger system,
12 Defendant designed its system to rely on the accuracy of mobile phone numbers inputted by
13 its customers and others, without first confirming that the owners of such mobile phone
14 numbers consented to be contacted via Defendant's text message system at such phone
15 numbers.

16 17. Because of the exceptionally large volume of text messages transmitted by
17 Defendant's instant messenger system, and because the design of Defendant's instant
18 messenger system does not confirm in advance that Defendant received consent to send text
19 messages to all mobile phone numbers inputted by its users, including and especially those
20 that were erroneously inputted, Defendant has for a period of years caused mass amounts of
21 wireless spam to be distributed to unwitting called parties nationwide.

22 18. For instance, on or about June 15, 2014, Defendant, prompted by one of its
23 customers through its instant messenger system, attempted to send a text message to someone
24 named "Sy." Instead of texting Sy, however, Defendant sent a text message to Plaintiff,
25 whose cellular telephone rang as if he had received a call.

19. The "from" field of such transmission was identified cryptically as "265060," which is a short code operated by Defendant and its agents.

20. Shortly thereafter, Plaintiff received a second and then a third spam text message directly from Defendant's short code 265060.

21. Thereafter, Plaintiff responded to Defendant's text message spam by following Defendant's instructions that appear on Defendant's website for discontinuing the transmission of Defendant's text messages and texted the following to Defendant's short code:

**block <[Name of AOL user]>[1]**

22. Plaintiff received the following message from Defendant's short code immediately thereafter:

**Messages from <[Name of AOL user]> have been blocked.
To unblock, reply 'unblock <Username>' or reply 'HELP' for more options.**

23. Defendant's instant messenger sign-up and administration process lacks the procedures necessary to confirm that the mobile phone numbers Defendant receives from its customers and then calls actually belong to persons who have consented to receive text messages from Defendant.

24. The use of a short code by Defendant and its agents enabled Defendant's mass transmission of wireless spam to lists of cellular telephone numbers as part of an automated process.

25. At no time did Plaintiff sign up to receive Defendant's services, including any mobile application such as AIM instant messenger, and at no time did Plaintiff provide Defendant or any users of Defendant's instant messenger system with consent to receive any text messages, including the aforementioned messages or any other such wireless spam from Defendant.

---

[1] The name of the AOL user at issue has been redacted from this Complaint for privacy consideration.

**Class Action Complaint for Damages and Injunctive Relief**

5

**CLASS ACTION ALLEGATIONS**

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a nationwide class of similarly situated individuals (the "Class") defined as follows: All persons in the United States and its Territories whose cellular telephones were sent one or more text messages by AOL's instant messenger system where the called party did not provide express consent to AOL to send such text message.

27. Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

28. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

29. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (c) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

30. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

31. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct alleged herein.

32. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    (a) Did Defendant and/or its agents send one or more text messages to members of the Class?

    (b) Did the text messages distributed by Defendant violate the TCPA?

    (c) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the text messages at issue?

    (d) Should Defendant be enjoined from engaging in such conduct?

**FIRST CAUSE OF ACTION**

**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. Defendant made unsolicited and unauthorized text calls, including the messages in Paragraphs 18, 20, and 22, to the wireless telephone numbers of Plaintiff and the other members of the Class. Each such text message call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

35. These text calls were made *en masse* through the use of an automated system whereby the messages were sent from a short code registered to Defendant or its agents and without the prior express consent of Plaintiff or the other members of the Class.

**Class Action Complaint for Damages and Injunctive Relief**

36. Defendant has violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

37. To the extent that Defendant had actual or constructive knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Nicholas Derby, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of statutory damages;
3. An injunction requiring Defendant to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 2, 2015                          Respectfully submitted,

NICHOLAS DERBY, individually and on behalf of a class of similarly situated individuals

By: /s/ Suzanne Havens Beckman
    One of Plaintiff's Attorneys

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

**Class Action Complaint for Damages and Injunctive Relief**                     8

| | |
|---|---|
| 1 | Myles McGuire (*pro hac vice* to be filed) |
| 2 | mmcguire@mcgpc.com |
| | Evan M. Meyers (*pro hac vice* to be filed) |
| 3 | emeyers@mcgpc.com |
| | Eugene Y. Turin (*pro hac vice* to be filed) |
| 4 | eturin@mcgpc.com |
| 5 | MCGUIRE LAW, P.C. |
| | 161 N. Clark Street, 47th Floor |
| 6 | Chicago, IL 60601 |
| | Tel: (312) 216-5179 |
| 7 | Fax: (312) 275-7895 |
| 8 | |
| | Preston W. Leonard (*pro hac vice* to be filed) |
| 9 | pleonard@theleonardlawoffice.com |
| | LEONARD LAW OFFICE, P.C. |
| 10 | 63 Atlantic Avenue, 3rd Floor |
| | Boston, MA 02110 |
| 11 | Tel: (617) 329-1295 |
| 12 | |
| | *Attorneys for Plaintiff Nicholas Derby* |
| 13 | *and the Putative Class* |

**Class Action Complaint for Damages and Injunctive Relief**

9